**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

RIVERWOOD PRODUCE SALES, INC.

                Plaintiff,

v.                                    CASE NO. 3:06cv484

EMERALD COAST FINEST PRODUCE
CO., INC., EMERALD COAST FINEST
PRODUCE OF MOBILE, LLC, PRESTON
W. THOMPSON and CONNIE D.
THOMPSON,

                Defendants.

_____/

## <u>ORDER</u>

Before the Court is Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 3) filed on October 30, 2006.  Plaintiff requests that the temporary restraining order (TRO) be issued ex-parte.

Under Rule 65(b) of the Federal Rules of Civil Procedure, a TRO may be granted without notice to the adverse party if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.  Here, Plaintiff Riverwood Produce Sales, Inc. ("Riverwood") has satisfied these requirements.

The Complaint (Doc. 1), affidavits of Riverwood's president and attorney (Docs. 3 & 4), and numerous documents purporting to represent unpaid invoices, suggest that:

1.  Riverwood is a produce dealer and trust creditor of Defendant Emerald Coast Finest Produce Company, Inc. ("Emerald Coast") under Section 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c);

2.  Riverwood has not been paid for produce supplied to Emerald Coast in the

principal amount of $227,019.67;

  3.   Emerald Coast has indicated that it is unable to pay Riverwood for the produce supplied to it;

  4.  Emerald Coast has threatened, through its shareholder, director, president, and check signatory, Defendant Preston W. Thompson, to dissipate trust assets protected under PACA if legal proceedings are commenced; and

  5.  Emerald Coast is currently dissipating such assets.

  An ex-parte TRO was entered against Emerald Coast in this Court by District Judge Rodgers on May 11, 2006, in similar case 3:06cv197.  There, as in this case, it appears that immediate and irreparable injury, loss, or damage will result to Riverwood by Emerald Coast's alleged dissipation and threats to dissipate trust assets protected by PACA.  Therefore, a TRO is proper until the motion for preliminary injunction can be fully heard.

  In addition, a TRO without notice is appropriate in this case.  If notice is provided to Defendants, Defendants may dissipate the trust assets before the motion is heard. Indeed, Defendants allegedly have already threatened to dissipate the assets.  As noted in the legislative history of PACA, once dissipation has occurred, recovery of trust assets is all but impossible.  H.R. Rep. No. 543, 98th Cong., 2d Sess. 4 (1983), reprinted in 1984 U.S. Code & Admin. News 405, 411.  J.R. Brooks & Son, Inc. v. Norman's Country Market, Inc., 98 B.R. 47 (Bankr. N.D. Fla. 1989).  Entry of a TRO without notice insures that alleged trust assets are placed under the control of this Court which is vested with jurisdiction over the trust.  7 U.S.C. § 499e(c)(5).  Under Rule 65(b)(2), the applicant attorney has properly certified why notice should not be required.

  Finally, the four factors necessary for injunctive relief are satisfied.  If Riverwood's allegations are true, it has demonstrated (1) the likelihood of success on the merits based on its entitlement to trust assets improperly being held by Emerald Coast; (2) irreparable harm based on the dissipation and unlikely recovery of trust assets; (3) the threatened injury to Riverwood outweighs whatever damage the TRO might cause Defendants because Riverwood will be required to post security and the assets in question will be frozen for a short time period - three days - until this Court can more fully determine the propriety of entering a preliminary injunction; and (4) the public

interest is served by furthering the purposes of PACA as set forth in the language of the statute itself, 7 U.S.C. § 499e(c)(1) ("This subsection is intended to remedy such burden on commerce in perishable agricultural commodities and to protect the public interest"). Further, the granting of ex-parte and injunctive relief under a PACA cause of action is supported by decisional law.  See Frio Ice v. Sunfruit, Inc., 918 F.2d 154 (11th Cir. 1990); Diversified Citrus Marketing, Inc. v. Emerald Coast Finest Produce Co., Inc., 2006 U.S. Dist. LEXIS 30592 (N.D. Fla. 2006); Davis Melon Sales, Inc. v. Great Lakes Produce, Inc., 2005 WL 2233533 (N.D. Ohio 2005); Procacci Bros. Sales Corp. v. Indian Rock Produce, Inc., 2003 WL 22331871 (E.D. Pa. 2003); JC Produce, Inc. v. Paragon Steakhouse Rests., Inc. 70 F. Supp. 2d 1119 (E.D. Cal. 1999).

Therefore, it is **ORDERED:**

Defendant Emerald Coast Finest Produce Co., Inc. ("Emerald Coast"), its agents, officers, subsidiaries, assigns, and all persons in active concert or participation with Emerald Coast, including Emerald Coast Finest Produce of Mobile, LLC, Preston W. Thompson, and Connie D. Thompson, are, until further order of this Court:

1.  Enjoined and restrained from violating the provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a et seq. and applicable regulations;

2.  Enjoined and restrained from dissipating, paying, transferring, assigning, or selling any and all assets covered by or subject to the trust provisions of PACA without agreement of Plaintiff.  Under § 499e(c)(2), these assets include all the assets of Emerald Coast, including monetary assets, unless Emerald Coast can prove to this Court that a particular asset is not derived from (1) perishable agricultural commodities, (2) inventories of food or other products derived from perishable agricultural commodities, or (3) receivables or proceeds from the sale of such commodities or products;

3.  Emerald Coast may sell perishable agricultural commodities or products derived from perishable commodities for fair compensation without right of set-off, on the condition that Emerald Coast maintains the proceeds of such sale subject to this order;

4.  This order shall be binding upon the parties to this action and all other

persons or entities who receive actual notice of this order by personal service or otherwise;

5.  This order shall take effect upon Plaintiff's posting of a bond in the amount of $25,000.00 as security under Fed. R. Civ. P. 65(c);

6.  This temporary restraining order is entered this 30th day of October, 2006, at 4:05 PM;

7.  A hearing on Plaintiff's Motion for Preliminary Injunction is scheduled for Thursday, November 2, 2006, at 2:30 PM before Judge Richard Smoak, 2nd Floor Courtroom, United States District Court, 30 West Government Street, Panama City, FL 32401;

8.  Plaintiff shall immediately serve Defendants, their agent(s), or their counsel with a copy of this order.

**ORDERED** on October 30, 2006.

**/s/ Richard Smoak**
**/s/ Richard Smoak**
**United States District Judge**